Burket, J.
The amended petition filed in this case shows that on the 5th day of January, 1889, the city of Cincinnati passed a special ordinance whereby it assessed against the property abutting on Clifton avenue, in said city, the sum of $9.766385 for each front foot of lots on said avenue, to raise money to pay for improvements theretofore made on the avenue. Plaintiff owned 1,572.89 feet of property on the avenue, and the amount assessed against his property by said ordinance was the sum of $15,361.45, which sum he paid to the city on the 29th day of January, 1889, in payment of the assessment so made by the ordinance on his property. Afterward, in the year 1892, plaintiff learned that in the final estimate made by the agents of the city, and upon which the ordinance was based, a mistake was made whereby, there was assessed on his property in excess of what *372 the improvement cost, the sum of $1,179.04; that mistake was occasioned by the agents of the city erroneously computing the cost and expense of the improvement under the contract upon quantities of work and material larger than in fact were done and furnished; that plaintiff at the time of payment did not know of this error in computation; that he had no means of learning of the error sooner, and that had he known of the overcharge, he would not have made payment. To avoid the one year statute of limitations, he avers that as to the excess of $1,179.04, it was a payment under mistake of fact, and he relies upon the case of Woolley v. Staley, 39 Ohio St., 354.
In that case, the commissioners had employed a person to look after omitted taxes, and the person so employed informed Mr. Woolley that he- was liable to pay a certain sum as omitted taxes on certain property owned by him, and the auditor of the county confirmed this information, and Mr. Woolley believed it to be true; and upon certificate of the auditor he paid the amount of the alleged omitted taxes to the treasurer and took his receipt therefor, but the tax was never assessed against him in any manner by any officer. Afterward, Mr. Woolley ascertained that his property was not liable for any omitted tax, and that he had paid the money by mistake of fact, and he brought his action to recover it back. He was permitted to recover on the ground that the money paid was not in payment of a tax, but was money paid by mistake of fact.
The court in disposing’ of that case, say on page 359.: “It was not a tax. It was never levied by any authority. It was never assessed, legally or illegally, upon any property or against any person. *373 It was never charged upon any duplicate, either originally or by the auditor in the way of correction. It had no semblance of a tax, which may be so paid by the voluntary act of the party as will prevent him from recovering it back. ’ ’
The ease now under consideration is very different from the above. Here the assessment was levied by the ordinance on the plaintiff’s property, and was so charged on the books of the auditor, of .ah which plaintiff had notice, and acting upon his knowledge, he paid the full amount of the assessment to the city, and the city received the money in payment of such assessment. And it is conceded that, to the extent of the cost of the improvement, the money paid was in payment of the assessment, but it is claimed that the excess of $1,179.04, while it was included in the payment so made, and was regarded by all parties as money paid on an assessment, ceased, by some mysterious transformation, as soon as the error was discovered, to be money paid on an assessment, and became money paid by mistake of fact.
That a mistake was made, and that such mistake induced the passage of the ordinance, clearly appears from the amended petition. Still the fact that a mistake is made in an assessment proceeding does not change the character of the matter from an assessment to a mistake. The assessment remains the principal, and the mistake is only an incident. There may be a mistake in an assessment as well as in any other transaction, but the fact of such mistake does not change the character of the transaction, nor the form of the recovery. It is still an assessment, and the rights • of the parties must be worked out according to the law applicable to assessments.
*374 The fact that the amended petition does not cab this excess an illeg’al assessment, counts for nothing in a court of justice. A court will look through the form of words to the substance, the real transaction, and not stumble at a name, nor for the want thereof.
It is therefore clear that the money sought to be recovered back is money paid on ■ an assessment, and that this action is brought under section 5848 of the Revised Statutes.
This statute does not interfere with the rights and remedies which existed in such cases before its passage in 1856, but it gives new remedies both at law and in equity. A full review of the cases in this state as to the rights and remedies, in illegal tax and assessment cases, both before and since the passage of this statute, is found in the case of Stephen v. Daniels, 27 Ohio St., 527, to which reference is made.
While the fact that plaintiff did not know of the error, and would not have paid the assessment if he had known thereof, appeals strongly to our sense of justice in his behalf, yet the fact remains that the law under which he invokes the aid of the court has limited his right of action to one year from the time of payment, and not from the time of the discovery of the error. He must accept the statute as a whole, including its disabilities and limitations.
It is also urged by counsel for plaintiff, that this is not an illegal assessment in the sense in which that term is used in the statute, that an error in calculation is not such an illegality as the statute contemplates, and that for these reasons the case should be governed by the law of mistake, rather than by the law of assessments.
*375 Section 5848 is as follows: “Courts of common pleas and superior courts shall have jurisdiction to enjoin the illegal levy of taxes and assessments, or the collection of either, and of actions to recover back such taxes or assessments as have been collected, without regard to the amount thereof, but no recovery shall be had unless the action be brought within one year after the taxes or assessments are collected.”
Had plaintiff refused to pay the assessment, he certainly could have enjoined the collection of so much thereof under this section as was in excess of the cost of the improvement, on the ground that such excess was illegal; and if illegal for the purpose of injunction, it was equally illegal for the purpose of recovering back such excess.
The term “illegal,” as used in this statute, is the opposite of the word “legal.” Every assessment is either legal or illegal. All assessments which are so far valid that their collection can be enforced by legal process, are legal, and all others are illegal, whatever the cause of their invalidity.
In the case at bar, the illegality of the assess-. ment is found in the assessing ordinance, and arises from the lack of power in the city to pass an ordinance assessing on the property more than the cost of the improvement. As to the excess over the cost of the improvement the ordinance imposes a burden in the nature of a tax or assessment not warranted by law, and opposed to the system of taxation provided in the constitution. The ordinance, therefore, as to this excess, is clearly unconstitutional, not warranted by law, and to the extent of such excess the assessment is illegal. True, the ordinance was induced by the *376 error in calculation, but it was not the calculation which imposed the assessment, but the ordinance. The character of the transaction must be determined by that step which caused the injury and imposed the burden. The calculation, even though erroneous, would have imposed no burden on plaintiff’s property had it not been followed by the ordinance. It was therefore the ordinance that caused the injury and imposed the burden, and to the extent that it exceeded the cost of the improvement, it went beyond the power of the city, and it was to that extent illegal. If the assessment was legal, the demurrer was properly sustained, because plaintiff has no right to recover back a legal assessment. If the assessment was illegal, the demurrer was still properly sustained, because the action was not commenced until more than one year after payment of the assessment. So that whether the assessment was legal or illegal, the demurrer ought to have been sustained, and the judgment of the general term in favor of defendants is right.

Judgment affirmed.